United States District Court
Southern District of Texas

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

**ENTERED**
May 16, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT

for the

Southern  District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  4:23-MJ-00833-1 |
| Antoine Brooks | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

  ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☒ History of alcohol or substance abuse
☒ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States

☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The Court finds that United States met its burden to prove by clear and convincing evidence that no combination of conditions can reasonably assure the safety of the community and by a preponderance of the evidence that no combination of conditions can reasonably assure the appearance of the Defendant on the charges in this case.  The Court bases this conclusion on the following findings and considerations:

(1) The charged offense is Extortion in violation of 18 U.S.C. §§ 875(d) and Stalking in violation of 18 U.S.C. § 2261A(2).  The Defendant is alleged to have extorted and stalked an 82 year old man and is reported to have been the "ringleader" of the scheme.

(2) The weight of the evidence is the least important factor the Court considers when deciding the issue of detention.  The evidence includes text messages by the Defendant and photographs of the Defendant meeting with the attorney the victim hired to put an end to the extortion and stalking.  The Defendant and his co-Defendants negotiated a "settlement" with the victim's attorney to accept a "final payment" in exchange for ceasing the harassment of and demands for payment from the Victim.

(3) The history and characteristics of the Defendant.  The Defendant is 37 years old and has a very substantial criminal history which includes two charges for assault of a family member.  The Defendant was convicted of assault of a family member in 2011.  He was again charged with assault of a family member in 2023.  The person he assaulted is a co-Defendant and he is alleged to be her pimp.  He has multiple felony drug charges and two convictions for felon in possession of a weapon. He was also convicted for Compelling Prostitution of  Minor.  The Defendant is unemployed due to having been declared disabled due to mental health issues.  He has a history of substance abuse and mental health issues.  He has lived in Houston for his entire life and resides with his 62-year old mother.  He has two daughters who live in Houston.

The Defendant has had two bonds surrendered or forfeited, one in 2018 and one in 2023.  He was on bond for assaulting his co-Defendant, Kamara Hall at the time of the conduct alleged in the Criminal Complaint.  One of his conditions of bond was to have no contact with Ms. Hall.  Evidence submitted at the hearing included photos of him sitting with Ms. Hall as they met with the Victim's attorney to "negotiate" a "settlement" to stop the harassment of the Victim in exchange for a final payment.  Not only was he engaging in alleged criminal activity while on bond, he was knowingly and blatantly violating the condition that he not have contact with Ms. Hall.

(4) seriousness of the danger to community or individuals.  The Court finds that the Defendant is alleged to be a pimp for his co-Defendant, has been convicted of compelling the prostitution of a minor, has been convicted of assault of a family member and is currently charged with assault of a family member.  In addition, he has a history of significant mental health issues, including a suicide attempt.  The Court finds that he presents a serious danger to the community and perhaps to himself.

The Court finds that the United States has met its burden to show by clear and convincing evidence that the Defendant poses a danger to the community that cannot be reasonably addressed by conditions of release.  To begin with, the Defendant proposed his mother as a third party custodian, but she has a felony conviction for evidence tampering.  The Court finds she is not an appropriate custodian.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

In addition, based on the Defendant's prior bond forfeiture and clear violation of his current bond conditions for his pending assault of a family member charge, the Court has no confidence that the Defendant would follow any conditions of release set by this Court.  The Court also finds that the United States has met its burden to show by a preponderance of the evidence that the Defendant poses a serious risk of intimidating or tampering with witnesses or evidence based on the testimony at the hearing.  Additionally, his proposed third party custodian, his mother, has been convicted of evidence tampering.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:    May 16, 2023

United States Magistrate Judge